## Commonwealth v. Jones

*John F. Wagner, Jr.,* assistant district attorney, for the Commonwealth.
*Donald J. McCue,* for defendant.

FRANKS, *J.,* January 6, 1984—Defendant filed a request for pretrial discovery and a request for a bill or particulars in the nature of discovery with the attorney for the Commonwealth. Defendant requested the names and addresses of the employees or individuals associated with Fayette County Rape Counseling or similar agencies who had interviewed the victim. Copies of all statements, oral or written, and all information made by the victim to employees, agents of Fayette County Rape Counseling or similar agencies were also requested. Upon refusal by the attorney for the Commonwealth to furnish the requested information, a petition was filed by defendant for the court to order the attorney for the Commonwealth to make all information in the possession of rape counseling, or their similar agencies, through their employees or agents available to defendants as part of discovery in this case.

The narrow issue is whether Fayette County Rape Counseling, or similar agency, or persons employed by, or agencies of, may be compelled through the attorney for the Commonwealth to provide testimony and to turn over documents or information regarding a rape victim's conversations to defendant.

The seminal pre-statutory case in this Commonwealth is In the Matter of Pittsburgh Action Against Rape, 494 Pa. 15, 428 A.2d 126 (1981). As the court stated in PAAR, in the absence of a statutory or common law privilege, there must be a balancing between the rape victim's right of confidentiality and the right of an individual accused of rape to inspect or know of prior inconsistent statements made by the rape victim. In that case the court ruled that after an in camera inspection of the files by the trial court, only verbatim statements of the complaintant relating to the facts of the case before the court would be given to defendant. No statements or information which related only to the counselling function of the interview with the victim and the counselor would be furnished defendant. Applying the same analysis was Commonwealth v. Nelson, Pa.Super. , 456 A.2d. 1382 (1983).

Effective February 22, 1982, the legislature enacted the act No. 169 of December 23, 1981, Pa.C.S. §5945.1, entitled Confidential Communication to Sexual Assault Counselors, section (b) of that act provides:

"Privilege—A sexual assault counselor has a privilege not to be examined as a witness in any civil or criminal proceeding without the prior written consent of the victim being counseled by the counselor as to any confidential communication made by the victim to the counselor or as to any advice, report or working paper given or made in the course of the consultation."

Since this case arises after the enactment of the statute* it must be decided under its application rather than by the PAAR decision. To our knowledge, the applicability and constitutionality of this act have never been ruled upon by our appellate courts. The application of the statutory privilege set forth in the act also is a first impression case in Fayette County.

Courts of common pleas of other counties in Pennsylvania that have considered the privilege have sustained it. The court is informed that in the following cases subpoenas have been quashed either by order from the bench or written order filed, although there appear to be no filed opinions in support thereof: Commonwealth v. Anthony L. Johnson, no. 0782 2/2 of 1982, Phila. Co.; Commonwealth v. Gilbert Williams, no. 7031 of 1981, Del. Co.; Commonwealth v. James Kelly, no. 2058 of 1982, Del. Co.; Commonwealth v. Fred W. Jackson, no. 312 of 1982, Del. Co.

The legislative history of the statutory privilege for rape crisis counselors clearly shows the specific intent of the legislature to remove even in camera inspection of their files and to cloak the files, records and testimony of rape crisis counselors with the protective shield of an absolute privilege. At page 5 of the House Legislative Journal, dated October 14, 1981, the following appears:

"The bill [House Bill 1160] provides absolute privilege for a rape crisis counselor regarding any information acquired in the course of counseling a rape action. It provides that all communication between a rape counselor and the rape victim shall be confidential,. . . . .In January. . .the State Supreme Court [in PAAR] ruled that conversations between a

---

* The offense is alleged to have occurred on April 22, 1983.

counselor and a rape victim are not confidential, that the rapist's defense counsel may use portions of victim's statement to a counselor to attack her credibility in a trial."

It is amply revealed that the intent of the legislature in enacting the rape privilege act was that all conversations with a rape crisis counselor should be afforded the same absolute privilege as that between attorney-client, priest-penitent, and patient-psychiatrist or licensed psychologist.

The legislature has not tried to circumvent the Supreme Court's decision in PAAR, but has met it head on and has cured fatal flaws left by that decision. By overruling PAAR, the statutory privilege enactment restores a full, complete and open relationship between a rape victim and the counselor so that there is now an absolute guarantee of privacy of confidential conversation. This is as it should be.

As in all absolute privilege situations, a balancing of a defendant's right to a fair trial under the Sixth Amendment in having access to all relevant information is outweighed by the societal interest of an open, free and confidential communication between a victim of rape and the counselor.

In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect. Act of December 6, 1972, P.L. 1339, 1 Pa.C.S. §1504.

After careful consideration of the common law, constitutional implications, and the inadequacy of the PAAR decision, it is clear that the provisions of statutory privilege should afford rape crisis counselors and their files and absolute insulation. The right

of privacy must give way to the right to know by a rape—defendant. A defendant's Sixth Amendment right of confrontation is not absolute. A balancing of societal interests often leads to no other conclusion but that certain information must be privileged. The files and testimony of a rape crisis counselor must be afforded this privilege.

Finally, it is asserted by defendant in this case that the attorney for the Commonwealth lacks standing to assert the absolute privilege of a rape crisis counselor for the same reason that the attorney—client privilege may not be invoked by a third party. Commonwealth v. Trolene, 263 Pa.Super. 263, 397 A.2d 1200 (1979). Defendant may not obtain indirectly what he cannot receive directly. Obviously, the attorney for the Commonwealth must get the requested information or the files from the rape crisis counselor to submit them to defendant as requested in pretrial discovery. We hold that the absolute privilege under 42 Pa.C.S. §5945.1 protects the victim and the rape crisis counselor from even turning over confidential information to the attorney for the Commonwealth.

